Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000009
28-MAY-2019
09:56 AM

NO. CAAP-19-0000009

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

FREE CHURCH OF TONGA-KONA, A Hawai'i Domestic Nonprofit
Corporation, Plaintiff-Appellee, v. HEMOLELE BIBALA EKALESIA;
ANYONE CLAIMING BY, THROUGH, OR UNDER HEMOLELE BIBALA EKALESIA;
AND ALL OCCUPANTS OF THE PROPERTY LOCATED AT 73-4303-A,
HAWAI'I BELT ROAD, TMK (3)7-3-004-006; DOE DEFENDANTS 1-30,
Defendants-Appellees, v. KELIIHULUHULU ALFRED SPINNEY,
Real-Party-in-Interest-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
NORTH AND SOUTH KONA DIVISION
(CIVIL NO. 3RC18-1-103K)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Ginoza, Chief Judge, Chan and Hiraoka, JJ.)

Upon review of the record, it appears that we lack
appellate jurisdiction over Non-Party/Appellant Keliihuluhulu
Alfred Spinney's (Spinney), pro se, appeal from the Honorable
Margaret K. Masunaga's December 4, 2018 judgment for possession
in favor of Plaintiff-Appellee Free Church of Tonga-Kona (Free
Church of Tonga-Kona) and against Defendant-Appellee Hemolele
Bibala Ekalesia (Hemolele Bibala Ekalesia) in Civil No. 3RC18-1-
103K. Spinney was not a party at the time he submitted his
January 3, 2019 notice of appeal to the circuit court clerk for
filing. Therefore, he lacks standing to appeal.

> Generally, the requirements of standing to appeal are:
> (1) the person must first have been a party to the action;
> (2) the person seeking modification of the order or judgment
> must have had standing to oppose it in the trial court; and

> (3) such person must be aggrieved by the ruling, i.e., the
> person must be one who is affected or prejudiced by the
> appealable order.

Abaya v. Mantell, 112 Hawai'i 176, 181, 145 P.3d 719, 724 (2006)
(citations and internal quotation marks omitted; emphasis in
original).

Spinney also had no right to appear as an attorney,
because Spinney is not licensed to practice law in Hawai'i. It
is not clear from Free Church of Tonga-Kona's March 21, 2018
complaint whether Hemolele Bibala Ekalesia is a natural person or
an entity. Under HRS § 605-2 (2016) and HRS § 605-14 (2016),
non-attorneys such as Spinney "are not permitted to act as
'attorneys' and represent other natural persons in their causes."
Oahu Plumbing and Sheet Metal, Ltd. v. Kona Constr., Inc., 60
Haw. 372, 377, 590 P.2d 570, 573 (1979) (citation and footnote
omitted). "By the same token, non-attorney agents are not
allowed to represent corporations in litigation, for a wholly
unintended exception to the rules against unauthorized practice
of law would otherwise result." Id. at 377, 590 P.2d at 574
(footnote omitted).

> Unlike lay agents of corporations, attorneys are subject to
> professional rules of conduct and are amenable to
> disciplinary action ... for violations of ethical standards.
> Therefore, attorneys, being fully accountable to the courts,
> are properly designated to act as the representatives of
> corporations.

Id. at 378, 590 P.2d at 574 (citation omitted); Reading
International, Inc. v. The Malulani Group, Ltd., 814 F.3d 1046,
1053 (9th Cir. 2016) ("A corporation must be represented by
counsel."). With respect to trusts, "[t]he general rule is that
a trustee may not represent the trust in litigation unless,
having the right sought to be enforced, he is the real party in
interest." Tradewinds Hotel, Inc. v. Conchran, 8 Haw. App. 256,
265, 799 P.2d 60, 65 (1990). "Similar considerations apply to
partnerships, and have led most courts to conclude that a
partnership may only appear in court through counsel." In re
ICLNDS Notes Acquisition, LLC, 259 B.R. 289, 293-94 (Bankr. N.D.

Ohio 2001); cf. Beamer v. Nishiki, 66 Haw. 572, 588, 670 P.2d 1264, 1276 (1983) ("Regardless of whether [a dissolved entity named] The Valley Isle was a corporation or partnership, therefore, [former stockholders or partners] Moore and Silva are real parties in interest and [the non-attorney dissolution trustee] Reed's attempt to appear on behalf of the dissolved The Valley Isle is actually an appearance on behalf of Moore and Silva. . . . Reed's activities thus constitute the unauthorized practice of law. Therefore, Reed, as trustee, will not be allowed to continue pro se in his practice of law representing The Valley Isle."). Similarly, regardless "whether an LLC is viewed as a corporation or a partnership or a hybrid, it may only appear in court through an attorney." In re ICLNDS Notes Acquisition, LLC, 259 B.R. at 294.

If Hemolele Bibala Ekalesia is an unincorporated entity consisting of multiple members, it might fit the definition of a "nonprofit association" under HRS § 429-1 (2004):

> "Nonprofit association" means an unincorporated organization, other than one created by a trust, consisting of two or more members joined by mutual consent for a common, nonprofit purpose. However, joint tenancy, tenancy in common, or tenancy by the entireties does not by itself establish a nonprofit association, even if the co-owners share use of the property for a nonprofit purpose.

(Quoted in part). A nonprofit association is "a legal entity separate from its members for the purposes of determining and enforcing rights, duties, and liabilities in contract and tort." HRS § 429-6(a) (2004). HRS § 429-7 (2004), HRS § 429-10 (2004), HRS § 429-11 (2004) and HRS § 429-13 (2004) indicate that a nonprofit association has the legal capacity to assert or defend a legal cause of action in its name, separate and distinct from any one member within it. The same laws barring a non-attorney from representing another natural person, a corporation, a partnership, a trust, or a limited liability company would also bar a non-attorney from representing a non-profit association.

In sum, a non-attorney such as Spinney is not allowed to represent another party in this litigation, regardless whether

3

the other party is a natural person, a corporation, a partnership, a trust, a limited liability company, or an unincorporated organization. In fact, "[a]ny person violating sections 605-14 to 605-16 shall be guilty of a misdemeanor." HRS § 605-17 (2016). Absent an appeal by a party in the underlying case, we lack appellate jurisdiction.

Therefore, IT IS HEREBY ORDERED that the appeal is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, May 28, 2019.

Chief Judge

Associate Judge

Associate Judge

4